UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

SOLAR STAMPING AND MANUFACTURING, LLC,

Debtor.

Case No. 07-57127
Chapter 11
Hon. Thomas J. Tucker

_____/

## APPLICATION OF THE DEBTOR PURSUANT TO 11. U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014 TO EMPLOY AND RETAIN WHITEHALL GROUP, L.L.C. AS FINANCIAL ADVISORS FOR THE DEBTOR-IN-POSSESSION

The Debtor, Solar Stamping, L.L.C., by way of this application (the "Application"), seeks the entry of an Order, pursuant to §§ 327, 328, and 1107(b) of Title 11 of the United States Code, §§ 101, *et seq* (the "Bankruptcy Code") authorizing the Debtor to employ and retain the firm of Whitehall Group, L.L.C. ("Whitehall") as its financial advisors within this bankruptcy proceeding. In support of this Application, the Debtor respectfully represents as follows:

### Background

1. On August 29, 2007 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

2. The Debtor continues to operate its business and manage its assets as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee, examiner or official committee of unsecured creditors has yet to be formed or appointed in this Chapter 11 Case.

### Jurisdiction, Venue and Statutory Predicate

4. Pursuant to 28 U.S.C. § 1334, this Court has jurisdiction over the Application, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper

pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 327, 328, and 1107(b) and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## Terms of Retention

5. The Debtor seeks to retain Whitehall as its financial advisors because Whitehall has extensive substantial and knowledge in the field of debtor and creditor workouts, turn around management, and restructuring of financially distressed operations. Whitehall also has experience in consulting companies while operating as a Debtor-in-Possession under Chapter 11 of the Bankruptcy Code.

6. The Debtor believes that Whitehall is well–qualified and able to represent it in this Chapter 11 Case in a professional, competent, efficient and beneficial manner. Within the scope of its employment, as more fully set forth in its Engagement Letter attached hereto as <u>Exhibit B</u>, Whitehall would act as primary financial advisors to the Debtor and be responsible to:

   a. Assist in the orderly liquidation of the equipment or the surrender of same to the lessor.

   b. WHG will assist in the development of Solar's budget for its secured lenders and will interact with BBK, the financial advisors to General Motors Corporation.

   c. Assist management with daily cash flow, including collection of accounts receivable and managing the vendors, and assist with Prestige Financial, Crossroads Financial and Utica Leasing.

   d. Assist in the calculation of sums due from customers, the amount of claims from tooling vendors that are secured by perfected tooling liens and the negotiation of customer re-sourcing, if applicable.

   e. Assist in the preparation of budget to actual reports and Monthly Operating Reports as required in the event that Solar is operating under Chapter 11.

   f. Other necessary and required tasks as they may arise with the Chapter 11 proceedings of the Debtor.

7. Whitehall intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code and the Local Rules and Orders of this Court, on an hourly basis plus reimbursement of actual, necessary expenses and other charges that SRR incurs. The Debtor desires to employ Whitehall at its normal hourly rates, which currently is $175 to $375. Whitehall may from time to time require the services of additional professionals within its firm to assist in services to be provided Debtor, which services shall also be billed at their respective hourly rates.

8. These hourly rates set forth above are Whitehall's standard hourly rates for the types of services to be performed herein. These rates are set at a level designed to compensate fairly Whitehall for the work of its professionals and to cover fixed and routine overhead expenses. It is Whitehall's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' case. The expenses charged to clients include, among other things, telephone and telecopier toll charges, photocopying charges, travel expenses, expenses for "working meals," and computerized research.

9. Pre-petition, the Debtor deposited with Whitehall a retainer for services to be provided and expenses to be incurred in this case in the amount of $15,000, plus the amount necessary to compensate Whitehall for services rendered and costs incurred for the period through the Petition Date.

## Whitehall's Disinterestedness

10. Based upon the supporting Affidavit of Joseph M. Bione, a managing member of Whitehall, attached hereto as Exhibit C, the Debtor believes that Whitehall does not hold or represent an interest adverse to the Debtor's bankruptcy estate and is a "disinterested person" within the meaning of § 327(a) of the Bankruptcy Code and Whitehall's employment is necessary and in the best interests of the Debtor and its estate.

### Notice

11. A copy of this Application was served on the following parties: (i) Office of the United States Trustee, (ii) counsel for Secured Lender, and (iii) the Debtor's 20 largest unsecured creditors pursuant to L.B.R. 9013-1 (E.D.M.). In light of the fact that no trustee, examiner, or creditors' committee has been appointed or formed in this case, the Debtor submits that no further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) authorizing the Debtor to employ and retain Whitehall as the financial advisors for the Debtor effective as of the Petition Date and (b) granting such further relief as the Court deems appropriate.

Respectfully submitted,

Solar Stamping and Manufacturing, L.L.C.

By: _____
Michael Porath, C.E.O.

August 28, 2007

{1272105:}

# EXHIBIT A

APPLICATION FOR EMPLOYMENT OF WHITEHALL GROUP, LLC. AS
FINANCIAL ADVISORS TO DEBTOR

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

SOLAR STAMPING AND MANUFACTURING, LLC,    Case No. 07-57127
                                          Chapter 11
Debtor.                                   Hon. Thomas J. Tucker
_____/

### ORDER GRANTING APPLICATION OF THE DEBTOR
### PURSUANT TO 11 U.S.C. §§327, 328 AND 1107(B) AND FED. R. BANKR. P. 2014 TO
### EMPLOY AND RETAIN THE FIRM OF WHITEHALL GROUP, L.L.C.
### AS FINANCIAL ADVISORS FOR THE DEBTOR-IN-POSSESSION

This matter having come before the Court upon the Application of Debtor, as Debtor-in-Possession, to employ the firm of Whitehall Group, L.L.C. as its financial advisors herein; and the Court having read the Application and being duly advised in the premises.

**NOW THEREFORE IT IS ORDERED** that the Debtor-in-Possession may employ the firm of Whitehall Group, L.L.C. as financial advisors herein upon the terms contained in its aforesaid Application and Engagement Letter as attached thereto, and that such employment is deemed effective retroactive to the petition date.

{1275722:}

07-57127-tjt    Doc 19    Filed 08/30/07    Entered 08/30/07 12:33:15    Page 6 of 16

# EXHIBIT B

APPLICATION FOR EMPLOYMENT OF WHITEHALL GROUP, L.L.C. AS

FINANCIAL ADVISORS TO DEBTOR

# WHITEHALL GROUP, L.L.C.

August 24, 2007

Mr. Michael Porath
Managing Member
Solar Stamping and Manufacturing, L.L.C.
19250 Plymouth Rd.
Detroit, MI 48228

Dear Mr. Porath:

The purpose of this letter is to confirm the engagement of Whitehall Group, L.L.C. (WHG) by Solar Stamping and Manufacturing, L.L.C. (SSM) to provide services in connection with assisting the SMI a variety of areas including managing daily cash flow to enable SMM to operate while its assets can 1 either sold as a going concern or its production re-sourced so as to preserve the value of its accounts receivable and inventory for the benefit of its secured and unsecured creditors. The scope of these services are specifically described below:

Whitehall Group, L.L.C., [we will need a separate engagement letter for UHY. I suggest deleting and having Whitehall sub-contract UHY or vice versa, especially if you want to collect sums owe UHY], will develop a specific work plan that will be focused on the following key objectives:

- Assist in the orderly liquidation of the equipment or the surrender of same to the lessor.
- WHG will assist in the development of the SSM's budget for its secured lenders and will int with BBK, the financial advisors to General Motors Corporation.
- Assist management with daily cash flow, including collection of accounts receivable managing the vendors, and assist with Prestige Financial, Crossroads Financial and l Leasing.
- Assist in the calculation of sums due from customers, the amount of claims from tooling ven that are secured by perfected tooling liens and the negotiation of customer re-sourin( applicable.
- Assist in the preparation of budget to actual reports and Monthly Operating Reports as require the even that SMM is operating under chapter 11.

In order to access and immediately make the necessary transition in the business contemplated in asset purchase agreement. WHG will work closely with current SMM personnel. We will report, timely basis the progress of our work.

Mr. Michael Porath
Managing Member

August 24, 20
Page

{1270961:}801 West Big Beaver Road Suite 400 Troy, Michigan 48084-4759 Phone 248.519.1072 Fax 248.519.1076
www..whitehallgroupllc.com

Solar Stamping and Manufacturing, L.L.C.

*Fee for Services*

In consideration of the services rendered by WHG hereunder, SMM agrees to pay SMWHG the following:

WHG will be compensated for services rendered based on an hourly rate of $150 to $375 per hour. obligation will survive any termination of this agreement. WHG individual rates vary according to degree of responsibility involved and the skill required. WHG will require a retainer of $15,000 an bill weekly as described below. We will review together the staff mix on a weekly basis to ensure t we have the right resources in place.

In addition to any fees that may be payable to WHG hereunder, SMM agrees to reimburse WHG reasonable out-of-pocket expenses incurred directly in connection with this engagement. Such o pocket expenses will be invoiced and payable as described below.

Due to the nature of the services being performed SMM will be billed by WHG on Friday morning that current week's services ("Friday invoice"), and payment is due the following Monday. Fees for Friday's services will be estimated as part of the Friday invoice. If payment for the Friday invoice i: received on the following Monday, then services will immediately cease until the fee is paid. The w fees are not expected to exceed $15,000.

SMM shall indemnify and hold harmless WHG and its personnel from and against any claims, liabil costs and expenses (including, without limitation, attorneys' fees and the time of WHG personnel involved) brought against, paid or incurred by WHG at any time and in any way arising out of or rel: to WHG's service under this letter, except to the extent finally determined to have resulted from the negligence or willful misconduct of WHG personnel.

{1270961;} 801 West Big Beaver Road Suite 400 Troy, Michigan 48084-4759 Phone 248.519.1072 Fax 248.519.1076
www..whitehallgroupllc.com

07-57127-tjt Doc 19 Filed 08/30/07 Entered 08/30/07 12:33:15 Page 9 of 16

Mr. Michael Porath  
Managing Member  
Solar Stamping and Manufacturing, L.L.C.

August 24, 2  
Pag

WHG's maximum liability relating to services rendered under this letter (regardless of form of action whether in contract, negligence or otherwise) shall be limited to the charges paid to WHG for the por of its services or work product giving rise to liability. In no event shall WHG be liable for consequer special, incidental or punitive loss, damage or expense (including without limitation, lost profits, opportunity costs, etc.) even if it has been advised of their possible existence.

All disputes arising out of services in connection with this engagement (including those regardin; scope, nature, and quality of the services performed by us) shall be submitted to arbitration before under the commercial rules of the American Arbitration Association, and all determinations o arbitrator shall be final and binding.

Either party hereto may terminate this agreement prior to the completion of the above referenced serv by giving written notice to the other party. Upon termination of this agreement, SMM will pay all outstanding fees to WHG.

This letter constitutes the complete and exclusive statement of agreement between WHG and SMM superseding all oral or written communications, with respect to the terms of the engagement between parties.

Please confirm that the foregoing is in accordance with your understanding by signing and returning ; copy of this letter, whereupon it shall become an agreement between Solar Stamping and Manufactur L.L.C. and Whitehall Group, L.L.C..

Very truly yours,

WHITEHALL GROUP, L.L.C.

Joseph M. Bione

ACKNOWLEDGED AND ACCEPTED BY:  
Solar Stamping and Manufacturing, L.L.C.

By: _____  
Michael Porath, Managing Member

Date: 8-29-07

{1270961:}801 West Big Beaver Road Suite 400 Troy, Michigan 48084-4759 Phone 248.519.1072 Fax 248.519.1076  
www.whitehallgroupllc.com

07-57127-tjt   Doc 19   Filed 08/30/07   Entered 08/30/07 12:33:15   Page 10 of 16

# EXHIBIT C

APPLICATION FOR EMPLOYMENT OF WHITEHALL GROUP, L.L.C. AS

FINANCIAL ADVISORS TO DEBTOR

UNITED STATES BANKRUPTCY COURT
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

SOLAR STAMPING AND MANUFACTURING, LLC,   Case No. 07-57127
                                          Chapter 11
Debtor.                                   Hon. Thomas J. Tucker
_____/

**AFFIDAVIT OF JOSEPH M. BIONE IN SUPPORT OF APPLICATION OF THE DEBTOR PURSUANT TO 11. U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014 TO EMPLOY AND RETAIN THE FIRM OF WHITEHALL GROP, L.L.C. AS FINANCIAL ADVISORS FOR THE DEBTOR-IN-POSSESSION**

STATE OF MICHIGAN  )
                   )SS.
COUNTY OF OAKLAND  )

I, Joseph M. Bione, being first duly sworn and deposed, state:

1. I am a managing member in the firm of Whitehall Group, L.L.C. ("Whitehall").

2. Prior to the filing of the Petition, Whitehall received a pre-petition retainer of $15,000 for the retention of its services in representation of the Debtor in these proceedings. The retainer is being held by Whitehall in accordance with the Engagement Letter executed with the Debtor as attached to the Application.

3. Whitehall has no Pre-Petition claims against the Debtor.

4. Prior to the Debtor engaging the services of Whitehall, Whitehall has performed a complete and thorough analysis for any potential conflicts of interest and does not believe that any conflicts of interest exist.

5. Except as disclosed above, Whitehall has no connection with the Debtor, its partners, the Debtor's creditors, or the Office of the U.S. Trustee or any of its

employees, and/or any other party in interest as well as their respective attorneys and accountants.

6. Whitehall represents no interest adverse to the interest of the Debtor or its Estate and is "disinterested" within the meaning of 11 USC 101(14).

*[signature]*
Joseph M. Bione

Subscribed and sworn to before
me this ___ day of August, 2007

_____, Notary Public

Acting in Oakland County, Michigan

My Comm. Exps.:

JAMES P. DEAN
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Nov 8, 2008
ACTING IN COUNTY OF

{1272105:}

# EXHIBIT D

APPLICATION FOR EMPLOYMENT OF WHITEHALL GROUP, L.L.C. AS
FINANCIAL ADVISORS TO DEBTOR

{1275722:}

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

SOLAR STAMPING AND MANUFACTURING, LLC,　　　Case No. 07-57127
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
Debtor.　　　　　　　　　　　　　　　　　　　　Hon. Thomas J. Tucker
_____/

### NOTICE OF APPLICATION OF THE DEBTOR PURSUANT TO 11. U.S.C. §§ 327, 328, AND 1107(B) AND FED. R. BANKR. P. 2014 TO EMPLOY AND RETAIN WHITEHALL GROUP, L.L.C. AS FINANCIAL ADVISORS FOR THE DEBTOR-IN-POSSESSION

The Debtor, Solar Stamping and Manufacturing, LLC., has filed papers with the court seeking the entry of an Order, pursuant to §§ 327, 328, and 1107(b) of Title 11 of the United States Code, §§ 101, *et seq* (the "Bankruptcy Code") authorizing the Debtor to employ and retain the firm of Whitehall Group, L.L.C. ("Whitehall") as its financial advisors within this bankruptcy proceeding.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion **within 15 days**, you or your attorney must:

　　1.　　File with the court a written response or an answer, explaining your position at[1]:

　　　　　　U.S. Bankruptcy Court
　　　　　　Attn. Clerk of the Court
　　　　　　211 W. Fort Street
　　　　　　Detroit, MI 48226

---

[1] Response or answer must comply with F.R. Civ. P. 8(b), (c) and (e).

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

Stephen M. Gross, Esq.
McDonald Hopkins PLC
39533 Woodward Aveue, Ste. 318
Bloomfield Hills, MI 48304

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting the relief.

Respectfully submitted,

MCDONALD HOPKINS PLC

/s/ Stephen M. Gross
Stephen M. Gross (P35410)
Counsel to the Debtor
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Direct Dial: (248) 220-1337
Email: sgross@mcdonaldhopkins.com

Dated: August 30, 2007